Debra DORSEY, Appellant

v.

JACOBSON HOLMAN, PLLC,
et al., Appellees.

Nos. 11–7017, 11–7071.

United States Court of Appeals,
District of Columbia Circuit.

April 9, 2012.

Denise Marie Clark, Esquire, The Law Office of Denise M. Clark, PLLC, Washington, DC, for Appellant.

Diane Allison Seltzer, The Seltzer Law Firm, Washington, DC, for Appellees.

Before: HENDERSON, ROGERS, and TATEL, Circuit Judges.

### JUDGMENT

These consolidated appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Appellant, Debra Dorsey, brought suit against her former employer, Jacobson Holman, PLLC, the employer's profit-sharing plan, and the plan administrator. Suffering from carpal tunnel syndrome in her wrists, Dorsey took leave from her position as secretary at Jacobson Holman and underwent two surgeries, neither of which improved her condition. Although the firm treated Dorsey's absence as protected under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., it gave her no contemporaneous notice of those rights. After her leave expired, Jacobson Holman discharged Dorsey. Jacobson Holman and others moved for summary judgment, and the district court granted in part defendants' motion. The district court also denied Dorsey's motion to file a third amended complaint and dismissed a second action she brought based on these events. Dorsey appeals.

We affirm the grant of summary judgment on Dorsey's claim that Jacobson Holman interfered with her FMLA rights by belatedly notifying her that her FMLA leave and workers' compensation leave would run concurrently. The FMLA "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). And Dorsey—who never returned to work after her surgery and testified in her deposition that she could not do so—provides no record evidence whatsoever that she could have structured her leave differently had she known the leave would be concurrent. *Compare Downey v. Strain*, 510 F.3d 534, 537 (5th Cir.2007) (jury found prejudice from lack of notice where evidence showed employee "would have postponed her knee surgery to a time when it would not have caused her to exceed her FMLA allowance").

We also affirm the grant of summary judgment on Dorsey's claim that Jacobson Holman retaliated against her for exercising her FMLA rights by terminat-

ing her employment. Jacobson Holman offered a lawful reason for terminating Dorsey: that she remained absent from work after her leave expired. Dorsey has failed to offer any evidence that this proffered reason was pretextual. *See McFadden v. Ballard Spahr Andrews & Ingersoll, LLP*, 611 F.3d 1, 6 (D.C.Cir.2010) (affirming grant of summary judgment to employer on claim of retaliation for exercising FMLA rights because no evidence allowed "a reasonable jury to conclude [employer's] explanations ... were pretexts for retaliation"). Indeed, Dorsey herself acknowledges that at the time of her termination she "was unable to return to her pre-surgery position," Appellant's Reply Br. 15, and nowhere disputes that she remained absent after her leave expired.

■ Next, we find no abuse of discretion in the district court's denial of Dorsey's motion for leave to file a third amended complaint, which would add a new count and a new defendant five months after the deadline set by the district court's scheduling order. Because Dorsey was aware of all relevant facts even before filing her second complaint and because the delay would prejudice defendants, the district court found that "justice does not ... require" granting leave to amend. *Dorsey v. Jacobson Holman, PLLC*, No. 09–1085, slip op. at 3 (D.D.C. Sept. 14, 2010) (internal quotation marks omitted); *see also* Fed.R.Civ.P. 15(a)(2). Given this, we find no abuse of discretion. *See Anderson v. USAir, Inc.*, 818 F.2d 49, 57 (D.C.Cir.1987) (holding that the "district court cannot be found to have abused its discretion in denying plaintiff's motion" to amend the complaint where plaintiff sought amendment after expiration of discovery schedule agreed to by parties and where only one new claim was based on previously unknown facts).

■ Finally, we affirm the district court's dismissal of Dorsey's second action. After the district court denied Dorsey leave to file a third amended complaint, *Dorsey*, No. 09–1085, slip op. at 1, Dorsey filed an entirely new action that mirrored the rejected complaint, *see Dorsey v. Jacobson Holman, PLLC*, No. 10–1682 (D.D.C.2010). As we have recognized, "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C.Cir.1980) (internal quotation marks omitted). In filing the second action, Dorsey aimed to do just that: all of her claims against Jacobson Holman, the profit-sharing plan, and the plan administrator arise out of the same facts and could have been presented in her first action. Nor can her second action survive insofar as it alleges claims against a new defendant, Jacobson Holman partner Simor Moskowitz. Dorsey argues that she is suing Simor Moskowitz "individually," Appellant's Reply Br. 20, in his capacity as an Employee Retirement Income Security Act (ERISA) fiduciary, but she has asserted no fiduciary duty violation that would support such a suit, *see* 29 U.S.C. § 1104 (ERISA fiduciary duties); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142–43, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) ("[T]he principal statutory duties imposed on the trustees relate to the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest."). The district court correctly held that Dorsey may not have a second bite at the apple by repeating identical claims with Moskowitz as a putative new defendant.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.