[No. B188972. Second Dist., Div. Five. Mar. 12, 2007.]

JAYENDRA A. SHAH et al., Plaintiffs and Appellants, v. MARILYN E. McMAHON, Defendant and Respondent.

**COUNSEL**

Frank A. Weiser for Plaintiffs and Appellants.

Kaiser & Swindells, Pamela A. Swindells and Eric C. Demler for Defendant and Respondent.

**OPINION**

**ARMSTRONG, J.**—Plaintiffs, Jayendra and Usha Shah (the Shahs), have purported to appeal from an order of the superior court awarding attorney fees to respondent Marilyn E. McMahon (McMahon) following the court's order granting McMahon's motion to expunge lis pendens. (Code Civ. Proc., § 405.38.) We conclude the appeal is taken from a nonappealable order, and grant McMahon's motion to dismiss the appeal.

This case arises out of the Shahs' action for damages, specific performance and injunctive relief in connection with their attempt to purchase property in Long Beach owned by McMahon.[1] In their complaint, the Shahs allege that they offered to purchase the property in 2004, on terms more favorable than those offered by other prospective buyers, but McMahon refused to sell the property to them on any terms because they are of Asian-Indian origin. McMahon claims she wanted an offer without any contingencies, and the Shahs' low offers and contingencies were not acceptable. The Shahs' son, Russell Shaw (who had anglicized his name), also made an offer on the property. McMahon submitted a counteroffer, but neither Russell Shaw nor his agent ever communicated an acceptance of the counteroffer to McMahon's agent.

The Shahs, who claim to be Russell Shaw's assignees under a purported real estate contract, sued McMahon on various theories including specific performance and federal civil rights violations. They recorded three lis pendens against the property. McMahon moved to expunge the lis pendens. On August 23, 2005, the superior court entered its order granting the motion to expunge. The clerk mailed notice of entry of the order to all counsel on that date. The Shahs did not challenge the order by way of a petition for writ of mandate filed within 20 days of notice of entry of the order, as required by Code of Civil Procedure section 405.39.

On October 31, 2005, McMahon filed a motion for attorney fees as the prevailing party on the motion to expunge. (Code Civ. Proc., § 405.38.) On November 30, 2005, the superior court awarded McMahon her requested attorney fees in the amount of $18,077.50. The clerk mailed notice of the order to all counsel on that date. The Shahs did not file a petition for writ of mandate challenging that order.

On January 27, 2006, the Shahs filed a notice of appeal from the November 30, 2005, order. The notice states that the appeal is made pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1), (11). That statute provides that an appeal may be taken "[f]rom an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (Code Civ. Proc., § 904.1, subd. (a)(11).)

---

[1] The property was owned by McMahon, her husband, brother and their trust. However, McMahon was the moving party in the lis pendens motion and is the only respondent on this appeal.

The only issue the Shahs have raised on appeal is whether the superior court erred when it awarded attorney fees to McMahon.

On February 2, 2007, after the appeal was fully briefed, McMahon filed a motion to dismiss the appeal. The Shahs filed a response to the motion on February 20, 2007. We agree with McMahon that the order is not appealable, and the Shahs' only remedy for challenging the order was a petition for writ of mandate filed within 20 days of notice of the order.

Statutory provisions relating to motions to expunge lis pendens are contained in title 4.5, chapter 3 of the Code of Civil Procedure. Code of Civil Procedure section 405.39 provides: "No order or other action of the court *under this chapter* shall be appealable. Any party aggrieved by an order made on a motion under this chapter may petition the proper reviewing court to review the order by writ of mandate. The petition for writ of mandate shall be filed and served within 20 days of service of written notice of the order by the court or any party. The court which issued the order may, within the initial 20-day period, extend the initial 20-day period for one additional period not to exceed 10 days. A copy of the petition for writ of mandate shall be delivered to the clerk of the court which issued the order with a request that it be placed in the court file." (Italics added.)

■ The attorney fee order from which the Shahs appeal was made pursuant to Code of Civil Procedure section 405.38, which is part of chapter 3. Accordingly, the Shahs' only remedy was to seek a writ of mandate within the time limits imposed by section 405.39.

■ Code of Civil Procedure section 904.1, subdivision (a)(11), under which the Shahs purport to appeal, does not apply because the order awarding attorney fees was not a sanction order but an order awarding attorney fees to a prevailing party under a specific statute. As an alternative theory, the Shahs contend that "expungement orders are final judgments in a special proceeding," and the order is appealable as a collateral order reviewable after a final judgment. (See Code Civ. Proc., § 904.1, subd. (a)(1).) However, a motion to expunge a lis pendens pursuant to Code of Civil Procedure section 405.30 et seq., is not a "special proceeding," nor is the order granting the motion a "judgment," which is a "final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) Rather, the lis pendens procedure provides a means by which a court may dispose of meritless real estate claims at the preliminary stage of a case, and an appellate court may review that order by way of a petition for writ of mandate.

The appeal is dismissed. McMahon shall recover her costs incurred in connection with the appeal.

Turner, P. J., and Kriegler, J., concurred.