Filed 10/9/14  Nottebohm v. American Home Mortgage Servicing CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANDREAS NOTTEBOHM et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., et al.,<br><br>     Defendants and Respondents. | A139030<br><br>(Marin County<br>Super. Ct. No. CIV 1001551) |

In this wrongful foreclosure action, Andreas Nottebohm and Tess Nottebohm appeal from a judgment of dismissal entered after the trial court sustained respondents' demurrer to their third amended complaint without leave to amend.  The Nottebohms contend the court erred by:  (1) granting their motion to set aside a prior dismissal of their claims, but failing to do so nunc pro tunc; (2) granting respondents' motion to expunge a lis pendens that the Nottebohms had placed on the subject property; (3) sustaining respondents' demurrer to the third amended complaint and denying leave to amend; (4) declining to continue the hearing on the demurrer; and (5) undertaking certain acts after the Nottebohms requested disqualification of the judge under Code of Civil Procedure section 170.3.  We will affirm the judgment.

1

# I.  FACTS AND PROCEDURAL HISTORY

Several years ago, the Nottebohms filed this lawsuit to contest a proposed nonjudicial foreclosure upon their real property after they defaulted on their mortgage back in 2009.  We summarize the proceedings to the extent germane to the appeal.

## A.  *Original Complaint and Demurrer*

The Nottebohms filed their complaint in March 2010 against respondent American Home Mortgage Servicing, Inc. (AHMSI) and others, asserting fraud, breach of contract, statutory violations, and other claims.

AHMSI filed a demurrer to the complaint, contending the pleading failed to allege facts sufficient to state a cause of action.[1]  A hearing was set for July 28, 2010.

The day before the scheduled hearing date, the Nottebohms filed a first amended complaint, mooting AHMSI's demurrer.  The first amended complaint added respondent "Deutsche National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates, Series 2007-2" (DBNTC) as a defendant.

## B.  *First Amended Complaint and Demurrer*

In September 2010, AHMSI and DBNTC filed a demurrer to the first amended complaint on the ground that it failed to state a cause of action against them because, like the original complaint, it relied on conclusory allegations and erroneous legal theories.

On January 21, 2011, the court sustained AHMSI and DBNTC's demurrer to the first amended complaint, with leave to amend.

## C.  *Second and Third Amended Complaints and Dismissals*

The Nottebohms filed a second amended complaint on March 16, 2011.  The second amended complaint asserted 12 causes of action, including federal law claims for the first time.

---

[1]     The respondents' brief represents that AHMSI is now known as Homeward Residential, Inc.  To maintain consistency with the appellate record, we will continue to refer to the entity as AHMSI in the text of this opinion.

1. *Removal to Federal Court and Remanded Third Amended Complaint*

In April 2011, respondents removed the action to federal court based on federal question jurisdiction. Respondents then filed a motion in federal court to dismiss the second amended complaint.

In June 2011, the federal court granted the Nottebohms leave to amend their complaint again, because they had retained new counsel.

The Nottebohms filed their third amended complaint on June 24, 2011, purporting to assert a single cause of action for "wrongful foreclosure" against AHMSI, DBNTC, respondent Mortgage Electronic Registration Systems, Inc. (MERS), and others.

Respondents filed a motion to dismiss the third amended complaint in July 2011. Because the third amended complaint no longer included any federal claim, however, the federal court remanded the case to the Marin County Superior Court in August 2011.

2. *Initial Dismissal of Third Amended Complaint*

On September 26, 2011, respondents filed a demurrer to the third amended complaint on the ground that the complaint failed to state a cause of action. Respondents asserted that the Nottebohms could not proceed because they had not alleged a tender or ability to pay the loan. Further, respondents maintained, the Nottebohms' legal theories were contrary to California law: they could not challenge respondents' standing to initiate the foreclosure action, MERS had a legal right to assign the deed of trust, and California law did not require proof of the chain of title or recordation of a valid assignment in order to foreclose. The Nottebohms did not file an opposition to respondents' demurrer.

The court issued an order sustaining respondents' demurrer to the third amended complaint without leave to amend, as well as a judgment of dismissal, on February 7, 2012.

3. *Relief from Dismissal*

The Nottebohms filed a motion to set aside the February 2012 judgment (and order sustaining the demurrer) based on the inadvertence, mistake and excusable and inexcusable neglect of their attorney, Mitchell L. Abdallah, in failing to file an opposition

to the demurrer. The court granted this motion on September 7, 2012, pursuant to Code of Civil Procedure section 473, subdivision (b).

### 4. *The Nottebohms' Lis Pendens and Its Expungement*

Also on September 7, 2012, the Nottebohms filed a "Notice of Pendency of Action" (lis pendens) in regard to the property.

On September 28, 2012, respondents filed an ex parte application for an order expunging the lis pendens. The court set the matter for a hearing on October 26, 2012. On October 22, 2012, the Nottebohms filed a belated opposition to the motion to expunge.

The court ordered the expungement on October 26, 2012.

### 5. *Second Dismissal of Third Amended Complaint*

Despite having engaged new counsel (Michael Silberstein), the Nottebohms again failed to timely oppose respondents' demurrer to their third amended complaint. Instead, they filed a motion for leave to amend on October 4, 2012, and an untimely opposition to the demurrer on October 12, 2012.

On October 23, 2012, the court again sustained respondents' demurrer to the third amended complaint without leave to amend. Judgment was entered for respondents for the second time on November 7, 2012.

### 6. *Relief from Dismissal Yet Again*

On November 13, 2012, the Nottebohms (through counsel) moved the court to set aside the November 2012 judgment entered in respondents' favor and the October 2012 order sustaining the demurrer to the third amended complaint, based on the mistake of attorney Silberstein in failing to oppose the demurrer.

By order filed on March 26, 2013, the court granted the motion to set aside the October 2012 order sustaining the demurrer and the November 2012 judgment of dismissal. The court set a new hearing on respondents' demurrer for April 12, 2013. The court also ordered that the Nottebohms' motion for leave to file a fourth amended complaint would be heard at the same time.

4

### 7. *Third Dismissal of Third Amended Complaint*

On March 19, 2013, the Nottebohms (apparently proceeding in pro per) filed an opposition to respondents' demurrer to the third amended complaint and a request for judicial notice. The Nottebohms argued that the foreclosure sale was precluded by the California Foreclosure Prevention Act (Civ. Code, former § 2923.52 et seq.); they did not have to tender the amount owing on their loan; DBNTC lacked authority to proceed because it was not the actual owner of the note or deed of trust; and DBNTC was neither the lender nor a beneficiary as a result of the securitization of the loan.

On April 2, 2013, respondents filed a reply in support of their demurrer, along with a request for judicial notice, detailing the history of their attempts to challenge the third amended complaint and explaining why the Nottebohms' arguments on the merits were incorrect under California law.

On April 9, 2013, three days before the scheduled hearing on respondents' demurrer and the Nottebohms' request to file a fourth amended complaint, the Nottebohms filed a request (through new counsel, The Harper Legal Group) for a continuance. The sole basis for their request was that they had filed another lawsuit against respondents (*Nottebohm v. Homeward Residential, Inc.* (Super Ct. Marin County, 2012, No. CIV 1205335); hereafter *Nottebohm II*), which encompassed all the claims in the proposed fourth amended complaint and added new parties and causes of action. Because the Nottebohms had filed a motion in *Nottebohm II* to have the two proceedings consolidated, and a hearing on the motion was set for June 14, 2013, the Nottebohms requested a continuance of the demurrer hearing until then.

On April 12, 2013, the trial court adopted its tentative ruling—which neither party contested—and denied the Nottebohms' request for a continuance, sustained respondents' demurrer to the third amended complaint, and denied leave to amend. As discussed *post*, the court's written order of April 25, 2013, included an extensive explanation for its ruling.

Judgment of dismissal was thereafter entered in respondents' favor.

5

D. *Appeal*

On June 19, 2013, the Nottebohms filed a notice of appeal, representing that they were appealing the "judgment of dismissal after an order sustaining a demurrer" and the "[f]ailure of the Court to continue Demurrer to be heard at same time as the hearing of Plaintiffs' Motion to Consolidate the instant matter with Marin Superior Court Case No. CIV 1205335."

## II.  DISCUSSION

We consider the Nottebohms' contentions in turn.

A.  *Setting Aside Dismissal, But Not Nunc Pro Tunc*

As mentioned, the court granted the Nottebohms' motion to set aside the February 2012 dismissal, and the underlying order sustaining the demurrer to their third amended complaint, in September 2012.  The Nottebohms now contend they "requested that the Order granting relief be nunc pro tunc to January 27, 2012"—the date of the court's minute order that had sustained the demurrer—but the set-aside order was not entered nunc pro tunc.

The Nottebohms' contention is unavailing.  In the first place, they provide no citations to the record to support their argument.  It was respondents, not the Nottebohms, who asked at the hearing whether the order would be entered nunc pro tunc.  When the Nottebohms' attorney was queried about the issue, he did not advocate for nunc pro tunc entry, but asserted "I am not prepared to argue whether it nunc pro tunc [*sic*] . . . ."  Furthermore, it was the Nottebohms' attorney who prepared the order without a reference to entry nunc pro tunc.

In any event, the Nottebohms cannot challenge the set-aside order in this appeal.  An order under Code of Civil Procedure section 473 is directly and independently appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).  (See *Leader v. Health Industries Of America*, *Inc.* (2001) 89 Cal.App.4th 603, 611 [order denying motion to vacate a dismissal under Code Civ. Proc., § 473 is appealable].)  Because the Nottebohms' notice of appeal does not mention the order granting the motion to set aside the dismissal, we have no jurisdiction to review it.  (Cal. Rules of Court, rule 8.100(a)

6

[notice of appeal must identify order appealed from]; see *DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43 (*DeZerga*) [a separately appealable order must be identified in the notice of appeal]; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46-47 [no jurisdiction to review appealable postjudgment order that was not identified in notice of appeal].)

Even if we construed the notice of appeal broadly to include the order setting aside the dismissal, the appeal from the order would be untimely. The order was entered on September 7, 2012. Because no notice of its entry was given, the notice of appeal had to be filed within 180 days after the entry, yielding a deadline in March 2013 for the notice of appeal. (Cal. Rules of Court, rules 8.104(a)(3), 8.104(f).) The Nottebohms did not file their notice of appeal until June 2013.

B. *Order Expunging Lis Pendens*

The Nottebohms next contend the court erred in granting respondents' motion to expunge the lis pendens that the Nottebohms had placed on the property.

A trial court is required to order expungement of a lis pendens if the pleading on which it is based does not contain a "real property claim." (Code Civ. Proc., § 405.31.) The court must also order expungement if the claimant has not shown the "probable validity" of the real property claim. (Code Civ. Proc., § 405.32.)

Here, the Nottebohms fail to show that they established the probable validity of any real property claim contained in their third amended complaint. To the contrary, as we discuss *post*, they do nothing to explain why they have any potentially meritorious claim in the face of the law set forth by the court in its order sustaining the demurrer to the third amended complaint. Accordingly, they fail to establish error.

At any rate, an order expunging a lis pendens is not appealable. Review is available only by a writ petition, filed within 20 days after service of the order. (Code Civ. Proc. § 405.39; see *Shah v. McMahon* (2007) 148 Cal.App.4th 526, 529-530.) The expungement order was served on October 26, 2012, and the Nottebohms fail to demonstrate any entitlement to appellate review.

7

C. *Order Sustaining Demurrer to Third Amended Complaint*

The Nottebohms further contend that the trial court erred in sustaining respondents' demurrer to the third amended complaint and denying their request for leave to amend.

1. *Sustaining Demurrer*

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law.  [Citation.]  We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory.  [Citation.] [¶] In making this determination, we also consider facts of which the trial court properly took judicial notice.  [Citation.]"  (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052 (*Intengan*).)

"In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error.  Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer.  [Citation.]  We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained.  [Citation.]"  (*Intengan, supra*, 214 Cal.App.4th at p. 1052.)

Here, in its order sustaining the demurrer, the trial court explained that the third amended complaint failed to state a cause of action because the Nottebohms' legal theories were contrary to California law:  (1) MERS has the authority to effectuate an assignment (citing *Herrera v. Federal Nat. Mortg. Assn.* (2012) 205 Cal.App.4th 1495, 1498); (2) a substitution of trustee does not have to be recorded prior to a notice of default (citing Civ. Code, § 2934a); (3) Civil Code section 2932.5 does not apply to deeds of trust (citing *Herrera, supra*, 205 Cal.App.4th at p. 1509); (4) the Commercial Code does not govern nonjudicial foreclosures (citing *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440-441); (5) Civil Code section 2923.5 does not provide relief after a trustee's sale has taken place (citing *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214); and (6) the securitization of a loan does not void the

8

beneficiary's power of sale (citing *Robertson v. Citibank, N.A.* (N.D.Cal., Feb. 27, 2013, No. C 12-02996-JSW) 2013 WL 752491, *3; *In re Cedano* (9th Cir. 2012) 470 B.R. 522).

In their opening brief in this appeal (AOB), the Nottebohms insist that their pleading "contains factual assertions which, given the presumption of truth for pleading purposes, inform the Defendant of the causes of action. . . . In other words, the factual allegations do raise a right to relief above the level of speculation." But they fail to indicate *which* factual assertions in the third amended complaint they believe state a cause of action or why. Moreover, they do not address the cases on which the trial court based its conclusion that the third amended complaint was insufficient as a matter of law, or provide any argument or legal authority to the contrary. It is the Nottebohms' burden on appeal to show error affirmatively through argument, citations to the record, and relevant legal authority. (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003, fn. 2 (*Pringle*).)

In their reply brief, the Nottebohms argue that they alleged the elements of causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as facts supporting a special relationship for the purposes of establishing a tortious breach of the implied covenant. Their argument is unavailing, for several reasons. First, the third amended complaint purports to allege only a cause of action for "wrongful foreclosure," not breach of contract or breach of the implied covenant, and the Nottebohms did not contend in the trial court that those causes of action were sufficiently alleged. Second, while we may sometimes consider arguments raised for the first time on appeal, particularly in the context of a demurrer, the Nottebohms waived their right to assert the argument by failing to raise it in their AOB. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) Third, although they make the argument in their reply brief, they do not cite to the record or identify any allegations that satisfy the requisite elements of the causes of action. (*Pringle, supra*, 73 Cal.App.4th at p. 1003, fn. 2.) Fourth, the Nottebohms still fail to address the case law cited by the trial court in

9

its order, let alone demonstrate why those authorities do not preclude claims for breach of contract and breach of the implied covenant, or any other claim.

The Nottebohms therefore fail to establish error in the court's order sustaining the demurrer to their third amended complaint.

### 2. *Denying Leave to Amend*

We review a denial of leave to amend for an abuse of discretion. (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946.) Typically, an appellant must demonstrate a reasonable possibility that the defects in the operative pleading can be cured by amendment. (E.g., *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; see *Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 744.) Thus, the Nottebohms must show how the third amended complaint could further be amended and why, as so amended, the pleading would state a cause of action.

The Nottebohms fail to demonstrate how they could further amend the third amended complaint to state a cause of action. They merely "assert that adequate factual allegations were presented to permit, at the very least, further amendment." They do not explain *what* factual allegations indicated that they would be able to state a claim, or specify any additional allegations they could allege in good faith to cure the deficiencies of their pleading.

The Nottebohms insist they were entitled to "some concessions at the pleading stage" because they were "self-represented." They cite no California precedent for that proposition. To the contrary, under California law, pro per litigants are generally not entitled to greater consideration than litigants with attorneys. (E.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.) In any event, the Nottebohms had multiple opportunities to state a cause of action—with and without the help of legal counsel—yet repeatedly failed to do so, and they continue to fail to articulate any possibility that they could allege a cognizable cause of action.

10

D. *Denial of Continuance of Demurrer Hearing*

The Nottebohms contend the court erred in declining to continue the hearing on respondents' demurrer to their third amended complaint for over two months, from April 12, 2013, to some date on or after June 14, 2013. We review the order for an abuse of discretion. (*In re V.V.* (2010) 188 Cal.App.4th 392, 399.)

To obtain a continuance of a hearing, a party must show good cause. (*Cotton v. StarCare Medical Group, Inc.* (2010) 183 Cal.App.4th 437, 444.) Here, the sole basis for the Nottebohms' request was that they had filed *Nottebohm II* against respondents and had moved in that action for consolidation of the proceedings. However, the Nottebohms did not provide the trial court with any authority indicating that their consolidation motion would be granted. Nor did they demonstrate that a continuance of the demurrer hearing would not prejudice respondents or unduly delay the proceedings. After all, *Nottebohm II* had been filed back in November 2012, yet the motion to consolidate was not brought until April 4, 2013, a few days before the demurrer hearing in this action. The Nottebohms' request for a continuance was filed just three days before the demurrer hearing. And by that time, more than a year and a half had elapsed since respondents first demurred to the third amended complaint in September 2011. The court did not abuse its discretion in concluding the Nottebohms failed to show good cause for the continuance.

In addition, the Nottebohms do not demonstrate that they were prejudiced by the denial of a continuance. The briefing on the demurrer had already been completed, and there was no indication that the Nottebohms would have had a better defense to the demurrer if the hearing had been continued. And, since they have not shown that their third amended complaint states a cause of action, there is no prejudice in those claims not being consolidated with the claims in *Nottebohm II*.

In their reply brief, the Nottebohms point to the rule against splitting a cause of action, arguing that they "sought to continue the hearing on the Demurrer in order to preempt possible assertion of res judicata and/or collateral estoppel," and assert that "[t]he trial court failed to properly consider this issue . . . ." Their request for a

11

continuance in the trial court, however, never mentioned any split cause of action. In any event, they fail to explain how any cause of action was impermissibly split between this case and *Nottebohm II*, let alone why their own act of splitting it would entitle them to a continuance.

        E. *The Nottebohms' Request for Disqualification of the Judge*

        According to the Nottebohms' representation in their AOB, they filed a request for the disqualification of the judge who was scheduled to hear respondents' motion for attorney fees, a day before the hearing date, pursuant to Code of Civil Procedure section 170.3, subdivision (c)(1). In their AOB, the Nottebohms contend the court erred by nonetheless proceeding to rule on respondents' motion for attorney fees. In their reply brief, they contend the court erred by issuing an order denying or striking their statement of disqualification. (See Code Civ. Proc., § 170.4, subd. (d) ["[e]xcept as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification . . . has been determined"].)

        The Nottebohms fail to establish any right to appellate review in this regard. In the first place, the order striking the Nottebohms' disqualification statement was entered on November 22, 2013. Both this order, and any ensuing order on respondents' motion for attorney fees, were therefore issued after entry of the judgment in this case. As postjudgment orders, they are separately appealable and, therefore, must be explicitly identified in a notice of appeal. (*DeZerega, supra*, 83 Cal.App.4th at p. 43.) Neither the order striking the disqualification statement nor any order awarding respondents attorney fees are mentioned in the Nottebohms' notice of appeal. We therefore do not have jurisdiction to review them. (*Ibid*.) Indeed, the appellate record does not contain the Nottebohms' disqualification statement, respondents' motion for attorney fees, or the order awarding attorney fees.

        Finally, an order determining whether a judge should be disqualified is not reviewable on appeal. Such an order may be reviewed only upon the timely filing of a writ petition. (Code Civ. Proc. § 170.3, subd. (d); *People v. Barrera* (1999) 70 Cal.App.4th 541, 550; *Guedalia v. Superior Court* (1989) 211 Cal.App.3d 1156,

12

1159-1160.)  Based on the record in this appeal, the Nottebohms are not entitled to appellate review of the court's actions in connection with the disqualification request.[2]

## III.  DISPOSITION

The judgment is affirmed.

---

[2]     In their reply brief, the Nottebohms contend that respondents' motion for attorney fees was heard on February 7, 2014, and the court awarded fees in the amount of $118,000.  None of this is in the appellate record, and, as mentioned, the attorney fees order was not identified in the notice of appeal or any amendment thereto.  The Nottebohms also represent that a federal bankruptcy order discharged any obligation they had to pay the fees.  These matters are not properly before us.

On September 15, 2014, the Nottebohms filed a motion for an order staying any action by respondents that could cause the sale of the property or the Nottebohms' removal from the property during the pendancy of this appeal.  We now deny the motion.

_____
NEEDHAM, J.


We concur.



_____
SIMONS, Acting P. J.



_____
BRUINIERS, J.