Filed 2/17/26  Estate of Sims CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| Estate of GLADYS PROCTOR SIMS, Deceased. | B335889<br><br>(Los Angeles County Super. Ct. No. 18STPB09824) |
| TEVIS A. VERRETT,<br><br>Petitioner and Respondent.<br><br>v.<br><br>CLIENT CLASSIFIER INC.,<br><br>Claimant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Brenda J. Penny, Judge.  Affirmed.

Law Offices of Aaron Berger and Aaron Berger, for Claimant and Appellant.

Tevis Verrett, in pro. per., for Petitioner and Respondent.

————————————

Claimant Client Classifier Inc. (Client Classifier) appeals from an order awarding attorney fees to petitioner Tevis Verrett. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Verrett's mother, Gladys Proctor Sims, died in 2011. Through a will, Sims left most of her estate to Verrett and his brother, Lennie Sims.[1] At the time of her death, Sims owned real property located in Sylmar, California.

In 2018, Verrett learned that Lennie was trying to sell the Sylmar property. According to Verrett, Lennie prepared a fraudulent grant deed gifting the property to himself. Lennie then agreed to sell the property to Client Classifier through a residential purchase agreement.

According to Client Classifier, Lennie refused to close escrow. Client Classifier sued Lennie, and in 2019, the court ordered specific performance of the agreement. Lennie again refused to cooperate. The clerk of court signed a grant deed conveying the Sylmar property to Client Classifier on Lennie's behalf. The grant deed was recorded in 2020.

Verrett recorded a lis pendens[2] as to the Sylmar property. In January 2023, in the probate proceedings underlying this

---

[1]     Because Lennie and his mother share a last name, we refer to Lennie by first name only.

[2]     "A party who asserts a claim to real property can record a notice of lis pendens, which serves as notice to prospective purchasers, encumbrancers and transferees that there is litigation pending that affects the property. [Citations.] A lis pendens acts as a cloud against the property, effectively

appeal, Client Classifier filed a motion to expunge the lis pendens. The motion asserted that the lis pendens was void and invalid because Verrett failed to serve it on Client Classifier.

Verrett's opposition argued that Client Classifier could not move to expunge because it had never properly intervened in the probate action. He asked the court to impose sanctions in the form of attorney fees because Client Classifier had refused to withdraw the motion. (Code Civ. Proc., § 128.5 [court may order party to pay opponent's attorney fees resulting from bad faith or frivolous tactics].)[3]

The record on appeal does not include any ruling on Client Classifier's motion to expunge. According to Verrett, the motion was denied in April 2023.

In May 2023, Verrett filed a motion for attorney fees. The motion argued that Verrett was entitled to fees under section 405.38, which provides that the trial court "shall" award attorney fees to the prevailing party in any motion to expunge "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." In the alternative, Verrett again argued that he was entitled to fees pursuant to section 128.5.

Client Classifier's opposition argued that its motion was "meritorious" and that Verrett's fee request was excessive.

---

preventing sale or encumbrance until the litigation is resolved or the lis pendens is expunged." (*Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003, 1011.)

[3]     Further undesignated statutory references are to the Code of Civil Procedure.

After hearing argument on Verrett's motion for attorney fees, the court granted the motion.  The court's order reflects that it adopted a tentative ruling.  The record on appeal does not include that tentative ruling nor any reporter's transcript of the hearing.

Client Classifier timely appealed.

## DISCUSSION[4]

On appeal, Client Classifier essentially repeats the points raised in its opposition to Verrett's fee request.  Specifically, Client Classifier argues that its motion to expunge was "meritorious," and that the court should not have awarded attorney fees.  Client Classifier also contends Verrett's fee request was excessive.  We reject Client Classifier's arguments as forfeited and affirm.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)  An appellant must "provide adequate record citations" to support any challenge to a trial court's ruling.  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*); Cal. Rules of Court, rule 8.204(a)(1)(C) [all briefs must support factual assertions with citations to the record].)  In addition, " ' "if the

---

[4]    We deny Verrett's motion to augment the record on appeal with his opposition to the motion to expunge, his motion to dismiss this appeal for lack of standing, and his petition for rehearing of the denial of his motion to dismiss this appeal.  These documents are already part of the record on appeal.

4

record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson*, at p. 609.)

Client Classifier's opening brief does not include a single citation to the appellate record. "The appellate court is not required to search the record on its own seeking error. If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) For this reason alone, we would be justified in rejecting Client Classifier's contentions. (*Hernandez*, *supra*, 37 Cal.App.5th at p. 277; Cal. Rules of Court, rule 8.204(a)(1)(C).)

Even if we were inclined to search the record on Client Classifier's behalf, we would still reject its arguments as forfeited because it failed to provide an adequate record on appeal. (*Jameson*, *supra*, 5 Cal.5th at p. 609.) The order granting Verrett's motion for attorney fees includes no reasoning. It adopts a tentative ruling, but that tentative is not included in the record. And Client Classifier chose to proceed without an oral record of the hearing. (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9 [without a reporter's transcript, reviewing court presumes that what occurred at the hearing supports the trial court order].)

This deficiency precludes our ability to address Client Classifier's arguments. Verrett requested attorney fees under section 405.38 or, alternatively, section 128.5. The record does not even establish what section the court relied on in granting

the request.  A fee award made pursuant to section 405.38 is not appealable, so if that was the basis for the fee award, we lack jurisdiction over Client Classifier's appeal.  (*Shah v. McMahon* (2007) 148 Cal.App.4th 526, 529.)  Assuming the court awarded fees under section 128.5, we would review its order for abuse of discretion.  (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 438; *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.)[5]  But without the tentative ruling or a reporter's transcript, we have no basis to find any abuse.  (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 [reporter's transcript indispensable in many cases involving abuse of discretion standard of review].)

We are also unable to consider Client Classifier's argument that the fee award was unreasonable.  Client Classifier asserts the award was excessive because Verrett requested fees based on "multiple motion hearings, none of which resulted in a prevailing party."  As we have discussed, Client Classifier's briefing includes no citations to the record, so it is impossible to determine what hearings it means to reference.  And aside from the order granting Verrett's fee request, Client Classifier did not designate any orders to be included in the record on appeal.  We have no basis to determine what party, if any, prevailed at any earlier

---

[5]     Client Classifier contends our review is de novo, because appellate courts review " 'a determination of the legal basis for an award of attorney fees de novo as a question of law.' " (*Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923.)  But Client Classifier does not argue that there was no legal basis for the fee award.  It merely contends that the circumstances do not support an award under section 128.5.

hearing.  We must therefore resolve this issue against Client Classifier.  (*Jameson*, *supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The order awarding attorney fees to Verrett is affirmed. Verrett is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EGERTON, Acting P. J.

ADAMS, J.

7